UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X

STEPHEN ZIOLKOWSKI,                                  Civil Action No.

        Plaintiff,

    -against-

NATIONSTAR MORTGAGE LLC, d/b/a
MR. COOPER,
        Defendant.

-------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now comes the Plaintiff, Stephen Ziolkowski (hereinafter "Ziolkowski" or "Plaintiff"), by and through their counsel, and submits this Memorandum in Support seeking an Order enjoining the Defendants Nationstar Mortgage LLC, d/b/a Mr. Cooper (hereinafter "Mr. Cooper" or "Defendant") and Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Pass-Through Certificates, Series 2006-5 ("Deutsche Bank") from foreclosing on Ziolkowski's home located at 9 Lafayette Street, Quincy, Massachusetts 02169 (the "Property").

**STATEMENT OF THE CASE**

In or about October of 1999, Ziolkowski and his then wife purchased the Property and executed a note and a mortgage on the Property to secure the Note in favor of by non-party Citizens Bank. Since that time, whiling continually maintaining resident in the Property,

1

Ziolkowski has been inundated with a plethora of financial institutions actual or alleged involvement with the ownership of the Property. Given this concern, the Plaintiff has made numerous requests for documents proving the Defendant's status as relates to his property, including a Request for Information ("RFI") under Regulation X of the Real Estate Settlement Procedures Act ("RESPA" or "Regulation X") dated August 24, 2015; a Debt Dispute Letter dated September 6, 2015; another RFI dated September 8, 2015, a final RFI dated March 22, 2018, a Notice of Error ("NOE") under RESPA dated May 1, 2018, and a Demand Letter under M.G.L. Ch. 93 A dated November 29, 2018.

No reasonable responses have been received by the Plaintiff regarding any of these

Ziolkowski has learned that the Defendant has now scheduled a sale of his property for January 4, 2019. The Plaintiff apologizes and states that the reason for the late notice of this request for relief is due to confusion created by a number of notices, postponements and apparently faulty information, online and otherwise, and the holiday season causing said delay.

## ARGUMENT

As established in Massachusetts, the legal standard for an injunction where the moving party is at risk of suffering irreparable harm and the nonmoving party does not face a similar risk is that the plaintiff must satisfy the following four criteria in a reduced likelihood of success on the merits standard:

(A) a substantial possibility of success on the merits;
(B) irreparable harm to the plaintiff if the injunction is not granted;
(C) equities favoring the plaintiff over the defendant; and
(D) a public interest favoring the injunction.

Packaging Indus. Group, Inc. v. Cheney, 405 N.E.2d 106, 112 n. 12 (Mass. 1980) (internal

citations omitted). This Circuit has authorized the use of a reduced likelihood of success on the merits standard in that the Court should "measure irreparable harm on 'a sliding scale, working in conjunction with a moving party's likelihood of success on the merits,' such that '[t]he strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown.'" <u>Braintree Laboratories, Inc. v. Citigroup Global Markets, Inc.</u>, 622 F.3d 36, 42-43 (1st Cir. 2010), quoting <u>Vaqueria Tres Monjitas, Inc. v. Irizarry</u>, 587 F.3d 464, 485 (1st Cir. 2009) and <u>Mass. Coal. Of Citizens with Disabilities v. Civil Def. Agency</u>, 649 F.2d 71, 75 (1st Cir. 1981).

### (A)   Ziolkowski maintains a substantial possibility of success on the merits

Under Massachusetts law, a foreclosure sale must be initiated by a mortgagee that holds possession of both the note and mortgage, or by the authorized agent of such a mortgagee. See <u>Eaton v. Fed. Nat'l Mortg. Ass'n</u>, 462 Mass. 569, 584-86 (2012). As detailed in the Verified Complaint, herein incorporated by reference, Ziolkowski has made numerous requests under, <u>inter alia</u>, the binding requirements of Regulation X of the Real Estate Settlement Procedures Act, 12 CFR § 1024 for, <u>inter alia</u>, proof of the Defendant's status in this regard. Given the Defendants have failed to respond to any of the numerous requests (in violation of Regulation X), it is substantially likely that Debtor will prevail.

### (B) Ziolkowski will face irreparable harm if the injunction is not granted

If the foreclosure sale is allowed to commence on January 4, 2019, Ziolkowski will

lose the ownership rights to his home. The loss of a home, is considered an irreparable harm. See Greenfield Country Estates Tenants Assoc., Inc. v. Deep, 666 N.E.2d 988, 993 (Mass. 1996); See In re Slater, 200 B.R. 491, 495 (E.D.N.Y. 1996).

### (C) The equities favor Ziolkowski over the Defendants

In contrast to harm facing the Plaintiff, the only harm Defendants stands to suffer is a delay in selling the Property at auction. Therefore, a court order maintaining the status quo will not significantly harm the Defendants.

### (D) The public interest favors the injunction under these facts

The public interest will be served by granting the injunction because the public interest is served where both homelessness (however temporary it might be) is avoided and the laws the laws of the Commonwealth and the United States in regards to homeownership and mortgage servicing are enforced.

WHEREFORE Debtor respectfully requests that the Court enters an order enjoining the Defendants from any further actions with respect to the sale of the Property.

Dated: January 2, 2019                                  Respectfully submitted,
                                                        STEPHEN ZIOLKOWSKI,
                                                        By his attorneys,


                                                        /s/  Brian R. Goodwin

5

          Brian R. Goodwin, BBO #657251
          Goodwin Law Firm
          One East Main St., 10th Floor
          Rochester, New York 14614
          585 353 7084 (tele)
          888 395 7296 (fax)
          Brian.GoodwinLaw@gmail.com (e)