UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN ZIOLKOWSKI,

               Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC d/b/a MR.
COOPER, AND DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS
TRUSTEE FOR HARBORVIEW
MORTGAGE LOAN TRUST MORTGAGE
LOAN PASS-THROUGH CERTIFICATES,
SERIES 2006-5,

               Defendants.

Civil Action No. 1:19-cv-10011-PBS

## ANSWER TO VERIFIED FIRST AMENDED COMPLAINT

Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") and Deutsche

Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust Mortgage Loan

Pass-Through Certificates, Series 2006-5 ("Deutsche Bank") (collectively, the "Defendants")

hereby answer the allegations set forth in the Verified First Amended Complaint ("Complaint")

filed on behalf of Plaintiff Stephen Ziolkowski ("Plaintiff" or "Ziolkowski") as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Defendants are without information or knowledge sufficient to admit or deny the

allegations contained in Paragraph 1 of the Complaint.

2.     Defendants admit that Nationstar Mortgage LLC d/b/a Mr. Cooper is a limited

liability company with a principal place of business at 8950 Cypress Waters Blvd, Coppell, TX

and denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit that Mr. Cooper serviced a loan to Plaintiff at issue in this litigation, admit that the loan was serviced in compliance all applicable laws and regulations, and deny any characterization thereof.

4.      Defendants admit that Deutsche Bank is the investor and mortgagee of record, securing the loan at issue in this litigation, admit that Deutsche Bank has an address of 2000 Avenue of the Stars, 9th Floor, Los Angeles, CA, and deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit that Mr. Cooper serviced the loan at issue on behalf of the investor, Deutsche Bank, and deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 6 contains factual allegations that require a response from Defendants, Defendants admit that Mr. Cooper serviced the loan at issue in this litigation.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required.

10.     Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

## INTRODUCTION AND FACTS

11.     Defendants restate and incorporates their answers to all the allegations set forth in paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint.  Defendants further answer that Plaintiff granted a mortgage to MERS, as nominee for America's Wholesale Lender, dated April 5, 2006, the terms of which speak for themselves.

15.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.  Defendants further answers that with respect to the Mortgage held by Deutsche Bank, the loan was due for the November 1, 2009 payment.

19.     Defendants admit that Mr. Cooper began servicing the loan as of September 2013, and are without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants state that the letter dated August 7, 2015 speaks for itself, and are without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit that the letter dated March 22, 2018 speaks for itself.

32.     Defendants admit that the letter dated March 22, 2018 speaks for itself.

33.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants admit that the letter dated May 1, 2018 speaks for itself.

35.     Defendants admit that the letter dated May 1, 2018 speaks for itself.

36.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 39 contains factual allegations that require a response from Defendants, such allegations are denied.

40.     Defendants admit that the letter dated November 29, 2018 speaks for itself.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 41 contains factual allegations that require a response from

Defendants, Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 44 contains factual allegations that require a response from Defendants, such allegations are denied.

45.     Defendants admit that a foreclosure sale was conducted on January 4, 2019, and deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 46 contains factual allegations that require a response from Defendants, such allegations are denied.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 47 contains factual allegations that require a response from Defendants, such allegations are denied.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 48 contains factual allegations that require a response from Defendants, such allegations are denied.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 49 contains factual allegations that require a response from Defendants, such allegations are denied.

50.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 51 contains factual allegations that require a response from Defendants, such allegations are denied.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 52 contains factual allegations that require a response from Defendants, such allegations are denied.

53.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint.

**COUNT ONE: VIOLATION OF 12 U.S.C. § 2605(k)**
**(Failure to acknowledge receipt of a Request for Information)**

55.     Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is required.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response is required.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no response is required.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is required.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is required.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required.

66.     Paragraph 66 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 66 contains factual allegations that require a response from Defendants, such allegations are denied.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 67 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT TWO: VIOLATION OF 12 U.S.C  § 2605(k)
### Failure to Respond – Investor Information

68.     Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69.     Paragraph 69 of the Complaint contains legal conclusions to which no response is required.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 70 contains factual allegations that require a response from Defendants, such allegations are denied.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required.

72.     Paragraph 72 of the Complaint contains legal conclusions to which no response is required.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no response is required.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 74 contains factual allegations that require a response from Defendants, such allegations are denied.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 75 contains factual allegations that require a response from Defendants, such allegations are denied.

76.     Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 76 contains factual allegations that require a response from Defendants, such allegations are denied.

77.     Paragraph 77 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 77 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT THREE: VIOLATION OF 12 U.S.C. § 2605(k)
### Failure to Respond

78.     Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.     Paragraph 79 of the Complaint contains legal conclusions to which no response is required.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 80 contains factual allegations that require a response from Defendants, such allegations are denied.

81.     Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 81 contains factual allegations that require a response from Defendants, such allegations are denied.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 82 contains factual allegations that require a response from Defendants, such allegations are denied.

83.     Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 83 contains factual allegations that require a response from Defendants, such allegations are denied.

84.     Paragraph 84 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 84 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT FOUR: VIOLATION OF 12 C.F.R. § 1024.35(d)
### (Failure to acknowledge receipt of a notice of error)

85.     Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required.

87.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants admit that Exhibit I speaks for itself and deny any characterization thereof.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required.

90.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 91 contains factual allegations that require a response from Defendants, such allegations are denied.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 92 contains factual allegations that require a response from Defendants, such allegations are denied.

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 93 contains factual allegations that require a response from Defendants, such allegations are denied.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 94 contains factual allegations that require a response from Defendants, such allegations are denied.

95.     Paragraph 95 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 95 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT FIVE: VIOLATION OF 12 C.F.R. § 1024.35(e)
### (Failure to properly respond to a notice of error)

96.     Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.     Paragraph 97 of the Complaint contains legal conclusions to which no response is required.

98.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants admit receipt of a letter dated May 1, 2018, and are without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 99 of the Complaint.

100.     Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 101 contains factual allegations that require a response from Defendants, such allegations are denied.

102.     Paragraph 102 of the Complaint contains legal conclusions to which no response is required.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no response is required.

104.    Paragraph 104 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 104 contains factual allegations that require a response from Defendants, such allegations are denied.

105.    Paragraph 105 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 105 contains factual allegations that require a response from Defendants, such allegations are denied.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 106 contains factual allegations that require a response from Defendants, such allegations are denied.

107.    Paragraph 107 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 107 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT SIX: DEBT COLLECTION
### (The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

108.    Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 107 of the Complaint as if fully set forth herein.

109.    Paragraph 109 of the Complaint contains legal conclusions to which no response is required.

110.    Paragraph 110 of the Complaint contains legal conclusions to which no response is required.

111.    Paragraph 111 of the Complaint contains legal conclusions to which no response is required.

112.    Paragraph 112 of the Complaint contains legal conclusions to which no response is required.

113.    Paragraph 113 of the Complaint contains legal conclusions to which no response is required.

114.    Paragraph 114 of the Complaint contains legal conclusions to which no response is required.

115.    Paragraph 115 of the Complaint contains legal conclusions to which no response is required.

116.    Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 117 contains factual allegations that require a response from Defendants, such allegations are denied.

118.    Paragraph 118 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 118 contains factual allegations that require a response from Defendants, such allegations are denied.

119.    Paragraph 119 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 119 contains factual allegations that require a response from Defendants, such allegations are denied.

120.    Paragraph 120 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 120 contains factual allegations that require a response from Defendants, such allegations are denied.

121.    Paragraph 121 of the Complaint contains legal conclusions to which no response is required.

### COUNT SEVEN: UNFAIR & DECEPTIVE PRACTICES
### (Consumer Protection Act, M.G.L. c. 93 § 49 and M.G.L. c. 93A)

122.    Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 121 of the Complaint as if fully set forth herein.

123.    Paragraph 123 of the Complaint contains legal conclusions to which no response is required.

124.    Paragraph 124 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 124 contains factual allegations that require a response from Defendants, such allegations are denied.

125.    Paragraph 125 of the Complaint contains legal conclusions to which no response is required.

126.    Paragraph 126 of the Complaint contains legal conclusions to which no response is required.

127.    Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint contains legal conclusions to which no response is required.

130.    Paragraph 130 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 130 contains factual allegations that require a response from Defendants, such allegations are denied.

131.     Paragraph 131 of the Complaint contains legal conclusions to which no response is required.

132.     Paragraph 132 of the Complaint contains legal conclusions to which no response is required.

133.     Paragraph 133 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 133 contains factual allegations that require a response from Defendants, such allegations are denied.

134.     Paragraph 134 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 134 contains factual allegations that require a response from Defendants, such allegations are denied.

135.     Paragraph 135 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 135 contains factual allegations that require a response from Defendants, such allegations are denied.

136.     Paragraph 136 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 136 contains factual allegations that require a response from Defendants, Defendants admit receipt of a letter dated November 29, 2018 purporting to be a demand under Chapter 93A and deny the remaining allegations contained Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 137 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT SEVEN: MISREPRESENTATION
### (Intentional and/or Negligent)

138.    Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 137 of the Complaint as if fully set forth herein.

139.    Paragraph 139 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 139 contains factual allegations that require a response from Defendants, such allegations are denied.

140.    Paragraph 140 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 140 contains factual allegations that require a response from Defendants, such allegations are denied.

141.    Paragraph 141 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 141 contains factual allegations that require a response from Defendants, such allegations are denied.

142.    Paragraph 142 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 142 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT EIGHT: UNJUST ENRICHMENT

143.    Defendants restate and incorporates their answers to all the allegations set forth in paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.    Paragraph 144 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 144 contains factual allegations that require a response from Defendants, such allegations are denied.

145.    Paragraph 145 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 145 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT NINE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

146.    Defendants restate and incorporates their answers to all the allegations set forth in paragraphs 1 through 145 of the Complaint as if fully set forth herein.

147.    Paragraph 147 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 147 contains factual allegations that require a response from Defendants, such allegations are denied.

148.    Paragraph 148 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 148 contains factual allegations that require a response from Defendants, such allegations are denied.

149.    Paragraph 149 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 149 contains factual allegations that require a response from Defendants, such allegations are denied.

## COUNT TEN: WRONGFUL FORECLOSURE

150.    Defendants restate and incorporate their answers to all the allegations set forth in paragraphs 1 through 149 of the Complaint as if fully set forth herein.

151.    Paragraph 151 of the Complaint contains legal conclusions to which no response is required.

152.    Paragraph 152 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 152 contains factual allegations that require a response from Defendants, such allegations are denied.

153.    Paragraph 153 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 153 contains factual allegations that require a response from Defendants, such allegations are denied.

154.    Paragraph 154 of the Complaint contains legal conclusions to which no response is required.  To the extent Paragraph 154 contains factual allegations that require a response from Defendants, such allegations are denie

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as any claims, damages and injuries were caused in whole or in part by the negligence, act, or failure to act of some other person for whose conduct Defendants were not and are not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as any damages and injuries allegedly sustained by Plaintiff were not proximately caused by the acts or failure to act of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as he has failed to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as he has failed to comply with conditions precedent to filing such claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail as he has failed to plead any claims pursuant to Massachusetts General Laws Chapter 93A with the requisite specificity.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint and enter such other and further relief as is just and proper.

> Respectfully submitted,
> NATIONSTAR MORTGAGE LLC D/B/A
> MR. COOPER and DEUTSCHE BANK
> NATIONAL TRUST COMPANY, AS
> TRUSTEE FOR HARBORVIEW
> MORTGAGE LOAN TRUST MORTGAGE
> LOAN PASS-THROUGH CERTIFICATES,
> SERIES 2006-5,
> By their attorney,
>
>
> _/s/ Meredith A. Swisher_____
> Meredith A. Swisher, Esq. (BBO No. 646866)
> BERNKOPF GOODMAN LLP
> Two Seaport Lane, 9th Floor
> Boston, MA  02210
> Tel: (617) 790-3000
> Fax: (617) 790-3300
> mswisher@bg-llp.com

Dated: March 1, 2019

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ZIOLKOWSKI,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-5,<br><br>        Defendants. | Civil Action No. 1:19-cv-10011-PBS |

## <u>CERTIFICATE OF SERVICE</u>

I, Meredith A. Swisher, hereby certify that a copy of the Answer to Verified First Amended Complaint will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 1, 2019.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-5,
By their attorney,

 /s/ Meredith A. Swisher
Meredith A. Swisher, Esq. (BBO No. 646866)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
mswisher@bg-llp.com

833470 v1/38755/434